## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH BURNETT, : | |
|       Petitioner, : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| DONALD T. VAUGHN, et al. : | NO. 02-3823 |
|       Respondent. : | |

### ORDER

And now on this _____ day of July, 2003, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, it is hereby ORDERED that:

1. Petitioner's objections to the Report and Recommendation are overruled.

2. The Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] Petitioner raised several objections to Magistrate Judge Scuderi's very comprehensive and well-reasoned Report and Recommendation.
    First, he contends that his claim of ineffective assistance of trial counsel (Issue #5) was exhausted during the state court proceedings. Because, however, he failed to raise this claim during his direct appeal of his sentence, this claim is, in fact, unexhausted. As our Court of Appeals has noted, in Pennsylvania, "an ineffectiveness claim ' "must be raised at the earliest stage in the proceedings at which the allegedly ineffective counsel is no longer representing the [defendant]."'" *Lambert v. Blackwell*, 134 F.3d 506, 522 (3d Cir. 1997)(citations omitted). Failure to comply with this rule results in the waiver of a defendant's ineffective assistance of counsel claim for purposes of seeking post conviction relief. In the instant case, because petitioner was represented by different attorneys during trial and on direct appeal, his first opportunity to question the effectiveness of his trial attorney was on his direct appeal. *See* Pet. at 11 (stating that Michael E. Wallace, Esquire served as petitioner's trial attorney and Lee Mandell, Esquire served as his counsel on direct appeal). On direct appeal, however, petitioner never raised this issue. *See* Gov't Response to Petition, Exh. B (providing a copy of petitioner's brief on appeal from his conviction). Hence, even if petitioner did raise a claim of ineffective assistance of trial counsel in his post-conviction petition – a fact which is unclear as neither party provided the court with a copy of this petition, and the Superior Court's opinion affirming the

3.  The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is DENIED and DISMISSED.

4.  The petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

---

denial of that petition only vaguely references questioning witnesses regarding the violent tendencies of the victim, *see id.*, Exh. C (providing a copy of the decision of the Superior Court of Pennsylvania regarding his appeal from denial of post-conviction relief) – this claim would nonetheless be unexhausted.

Petitioner additionally contends that his counsel on direct appeal was ineffective in allegedly raising Issues #2 and #3 on state law grounds only and not on federal grounds as well. This contention, however, appears only in his objection to the magistrate judge's report and not in the actual petition. While our Court of Appeals has yet to address the issue of how to properly treat an issue raised for the first time in a habeas petitioner's objections to a magistrate judge's report, the majority of district courts in our circuit, as well as other courts of appeals, that have addressed this issue have concluded that such issues are not properly before the court, and thus are not to be addressed. *See, e.g., Cohen v. Horn*, 1998 WL 834101, at *6 (E.D. Pa. Dec. 2, 1998); *Hammock v. Vaughan*, 1998 WL 163194, at *1 (E.D. Pa. April 7, 1998); *Martinez v. United States of America*, 1995 WL 572913, at n.9 (E.D. Pa. Sept. 28, 1995); *see also Bolar v. Blodgett*, 1994 WL 374194 (9th Cir. 1994) (non-precedential) (holding that district court was not required to consider a new claim raised first in petitioner's objections while it considered the issues properly raised earlier in the habeas proceedings on the merits); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("[Petitioner] first argued these issues in his objections to the magistrate judge's findings, conclusions, and recommendations. These issues were not properly before the district court, therefore this court will not address them."); *but see Maloy v. Zimmerman*, 1987 WL 8823, at 3 (acknowledging that petitioner raised issue anew in his objections, however addressing it and deciding it was without merit).

As a sister circuit articulated, "[t]he purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful." *Bolar*, 1994 WL 374194, at * 1. Given the present lack of binding precedential guidance, I will join the majority of other courts that have addressed this issue and conclude that prudence dictates that I consider the newly raised issue as not properly before the court. As a result, only those issues properly raised in the habeas petition shall be considered on their merits.

Finally, with regard to Issues #1 and #4, petitioner presents arguments identical to those presented to and correctly rejected by the magistrate judge. Hence, the court will not address these objections.

For these reasons, the objections are overruled.

                                                                       _____

                                                                       William H. Yohn, Jr., Judge